IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOHNNY VICTOR BEASON,**

      Petitioner,

v.                             **CIVIL ACTION NO. 2:10cv113**
                                       **(Judge Bailey)**

**JOEL ZIEGLER, Warden,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On September 24, 2010, the *pro se* petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. The petitioner paid the required $5.00 filing fee on November 1, 2010. By Order entered on November 2, 2010, this Court directed the respondent to show cause why the petition should not be granted. On November 30, 2010, the respondent filed a Motion to Dismiss or, in the alternative, for Summary Judgment indicating that the petitioner has been released from custody, and the case was therefore moot. On December 2, 2010, the petitioner was sent a Roseboro Notice to his address in Washington, D.C. To date, he has not filed a reply.

### II. FACTS

The petitioner, Johnny Beason, was a District of Columbia inmate committed to the custody of the BOP. He was serving an 18 month sentence with a 3 year term of supervision for probation violation. At the time the petitioner initiated this action, he was confined at the Federal Correctional Institution located in Morgantown, West Virginia. On November 29, 2010, the petitioner was released from the custody of the BOP. (Dckt. 18-1, pp. 3-4).

In his petition, the petitioner alleged that he was placed in the Special Housing Unit ("SHU")

without receiving a Special Housing Review by a Segregation Review Official ("SRO hearing"). In addition, the petitioner alleged that he was placed in the SHU without an incident report and that as a result of being placed in the SHU, he had not been sent to a Residential Re-entry Center ("RRC"). For relief, he sought an SRO hearing without delay and placement in an RRC.

### III. ANALYSIS

Article III of the United States Constitution, limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 (S.D.W.Va.), at *2 (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 49e4-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id..

In this case, the petitioner complains about his placement in the SHU without an incident report, the lack of a SRO hearing, and his wish to be placed in an RRC. By virtue of his release from custody, the respondent can no longer provide the requested relief, and accordingly, this case is now moot.

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative for Summary Judgment (Doc. 17) be **GRANTED**, and the petitioner's §2241 petition (Doc. 1) be **DISMISSED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Court. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 14, 2011.

      /s/ James E. Seibert
      JAMES E. SEIBERT
      UNITED STATES MAGISTRATE JUDGE